MEGHAN BLANCO (238171)
LAW OFFICES OF MEGHAN BLANCO
    28202 Cabot Road, Suite 300
    Laguna Niguel, California 92677
    Telephone:  (949) 296-9869
    Facsimile:   (949) 606-8988
    E-mail:    mblanco@meghanblanco.com

Attorney for TORENCE HATCH

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>TORENCE HATCH,<br><br>    Defendant. | No. 23-CR-1508-CAB<br><br>DEFENDANT HATCH'S MOTION TO DISMISS COUNT ONE (1) OF THE INDICTMENT FOR VIOLATIONS OF THE DOUBLE JEOPARDY CLAUSE, OR ALTERNATIVELY, BECAUSE THE GOVERNMENT IS COLLATERALLY ESTOPPED FROM REINDICTING MR. HATCH FOR SECTION 922G(1) VIOLATIONS ARISING FROM THE SAME CONDUCT ADJUDICATED IN *UNITED STATES V. HATCH*, 23-CR-1201-CAB |

1

MEMORANDUM OF POINTS AND AUTHORITIES

I. Introduction and Procedural History

On June 13, 2023, the United States filed a criminal complaint against Mr. Hatch in *United States v. Hatch*, 32-CR-1201-CAB ("Hatch One") charging him with a single violation of Title 18, United States Code, Section 922(g)(1): being a felon in possession of a firearm. [Hatch One ECF 1]. One June 21, 2023, the United States filed a single count Indictment alleging the same charge. [Hatch One ECF 18]. On July 14, 2023, Mr. Hatch filed a motion to dismiss the Indictment on grounds that section 922(g)(1) is unconstitutional as applied to Mr. Hatch. [Hatch One ECF 37]. The government opposed Mr. Hatch's motion to dismiss on July 21, 2023 [Hatch One ECF 40] and the Court thereafter denied Mr. Hatch's motion on August 7, 2023. [Hatch One ECF 43].

On May 10, 2024, the parties appeared before the Court for a motion hearing and trial setting to discuss Mr. Hatch's then-pending motion to suppress evidence. However, a day earlier, the Ninth Circuit issued a published decision in *United States v. Duarte*, in which it found section 922(g)(1) unconstitutional as applied to individuals like Mr. Hatch. During the May 10, 2024, motion hearing, the Court indicated that it would not rule on Mr. Hatch's pending motion to suppress evidence. Instead, the Court invited the parties to file renewed

2

1  pleadings in light of the Ninth Circuit's decision in
2  *Duarte*.  The Court set a July 12, 2024, hearing to rule on
3  Mr. Hatch's anticipated renewed motion to dismiss.  On
4  June 3, 2024, Mr. Hatch filed a renewed motion to dismiss.
5  [Hatch One ECF 79].  On July 11, 2024, Mr. Hatch filed
6  additional authority supporting his request for dismissal.
7  [Hatch One ECF 81].  The government failed to oppose Mr.
8  Hatch's renewed motion to dismiss, failed to seek a stay
9  of the proceedings, and did not ask the Court to hold Mr.
10 Hatch's renewed motion to dismiss in abeyance.
11 Accordingly, on July 12, 2024, the Court granted Mr.
12 Hatch's unopposed, renewed motion to dismiss.  [Hatch One
13 ECF 82].  The government failed to seek reconsideration of
14 the Court's dismissal order or file a timely appeal of it.
15 Instead, on July 22, 2024, it filed a motion to vacate the
16 Court's Order returning Mr. Hatch's passport [Hatch One
17 ECF 88] and reindicted Mr. Hatch in duplicate proceedings
18 in *United States v. Hatch*, 24-CR-1508-CAB ("Hatch Two").
19   II. Argument
20   A. Jeopardy Bars the Government from Further Prosecuting
21      Mr. Hatch for Violating Section 922(g)(1)
22    The Court's dismissal in Hatch One was tantamount to an
23 acquittal, and the double jeopardy clause of the Fifth
24 Amendment bars the government from further prosecuting him
25 for violations of section 922(g)(1) arising from conduct
26 it prosecuted in Hatch One.  *See Bravo Fernandez v. United*
27
                                  3
28

*States*, 137 S. Ct. 352, 364 (2016) ("For double jeopardy purposes, a court's evaluation of the evidence as insufficient to convict is equivalent to an acquittal and therefore bars a second prosecution for the same offense.")

Although jeopardy typically attaches after a jury is empaneled, jeopardy may attach before a formal trial begins. *See United States v. Patrick*, 532 F.2d 142, 146 (9th Cir. 1976) (defendant placed in jeopardy where district court heard defendant's proffer of evidence and government's admission regarding a necessity defense, found the defense available, and concluded defendant was not guilty); *United States v. Hill*, 473 F.2d 759, 761 (9th Cir. 1972) (defendants placed in jeopardy where after receiving evidence on defendants' pretrial motions to dismiss, the district court determined that as a matter of law, an element of the offense was lacking, i.e., the materials were not obscene); *United States v. Patterson*, 381 F.3d 859 (9th Cir. 2004) (finding that vacating a plea without defendant's consent violated double jeopardy); United States v. Baptiste, 832 F.2d 1173 (9th Cir. 1987)(Dismissal of an indictment after a magistrate made a determination that the police lacked probable cause to order the defendant out of his car amounted to an acquittal and barred a subsequent prosecution).

4

Here, the Court correctly applied the [uncontested, as the government never opposed] law to similarly uncontested facts in Hatch One and found that the government's case could not proceed.  Such a ruling was tantamount to an acquittal and bars the government from further prosecuting Mr. Hatch for violations of section 922(g)(1) arising from the conduct at issue in Hatch One.

B. The Government is Collaterally Estopped from Relitigating Issues Decided in Hatch One

By failing to file an opposition, seek reconsideration, or file a timely appeal, the government allowed the Court's decision regarding the constitutionality of Mr. Hatch's prosecution under section 922(g)(1) in Hatch One to become final on August 11, 2024.  The doctrine of collateral estoppel precludes he government from now pursuing 922(g)(1) charges against Mr. Hatch in duplicate proceedings.  If it were allowed to do this, it could tactically duplicate proceedings any time it sought to avoid a pretrial defeat, or as is the case here, any time it hoped to resurrect an issue it previously waived.

Put another way, "[w]hen an issue of fact or law is actually litigated and determined by a final and valid judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."  *United States v. Hernandez*, 572 F.2d

218, 220 (9th Cir. 1978) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 68 (Tent. Draft No. 1, Mar. 28, 1973)) (internal quotation marks omitted).

  An issue is "litigated" for purposes of collateral estoppel even if, as is the case here, a party fails to present all of the evidence that it possesses or that it might have obtained in support of its case.  That is, collateral estoppel does not require that an issue be "fully and fairly" litigated to the maximum extent possible, only that it be "litigated."  *See Harris*, 404 U.S. at 56-57, 92 S.Ct. 183 (reversing a state court's ruling that a second trial was permissible, despite collateral estoppel, because a material issue had not been "fully litigated" after the trial court excluded important inculpatory evidence (internal quotation marks omitted)). Moreover, even if the United States claims to have been deprived of the full opportunity to litigate the issue of the constitutionality of the 922(g)(1) charge, it was self-deprived.  It simply failed to respond to Mr. Hatch's renewed motion, even though it had nearly six-weeks to do so.  No one else was at fault for this failure.

  18 U.S.C. § 3731 permitted the government to timely appeal from the "district court's order dismissing [Mr. Hatch's] criminal prosecution."  *United States v. Sweeney*, 914 F.2d 1260, 1261-62 (9th Cir. 1990).  But the

government, through its own, inexcusable inaction, allowed the Court's ruling in Hatch One to become final and beyond the reach of appellate review.

The government's attempts to resurrect a charge that became inactionable, through its own inaction, cannot be fairly cured through the filing of duplicate proceedings.

III. Conclusion

For the foregoing reasons, the Court should dismiss Count One.

Respectfully Submitted,

Dated: August 16, 2024

                               *//s// Meghan Blanco*
                               MEGHAN BLANCO
                               Attorney for
                               TORENCE HATCH