MEGHAN BLANCO (238171)
LAW OFFICES OF MEGHAN BLANCO
    28202 Cabot Road, Suite 300
    Laguna Niguel, California 92677
    Telephone:   (949) 296-9869
    Facsimile:    (949) 606-8988
    E-mail:   mblanco@meghanblanco.com

Attorney for TORENCE HATCH

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>TORENCE HATCH,<br><br>    Defendant. | No. 24-CR-1508-CAB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT TWO FOR VINDICTIVE PROSECUTION |

1

MEMORANDUM OF POINTS AND AUTHORITIES

I. Introduction and Procedural History

On June 13, 2023, the United States filed a criminal complaint against Mr. Hatch in *United States v. Hatch*, 32-CR-1201-CAB ("Hatch One") charging him with a single violation of Title 18, United States Code, Section 922(g)(1): being a felon in possession of a firearm. [Hatch One ECF 1]. One June 21, 2023, the United States filed a single count Indictment alleging the same charge. [Hatch One ECF 18]. On July 14, 2023, Mr. Hatch filed a motion to dismiss the Indictment on grounds that section 922(g)(1) is unconstitutional as applied to him. [Hatch One ECF 37]. The government opposed Mr. Hatch's motion to dismiss on July 21, 2023 [Hatch One ECF 40] and the Court thereafter denied Mr. Hatch's motion on August 7, 2023. [Hatch One ECF 43].

On May 10, 2024, the parties appeared before the Court for a motion hearing and trial setting to discuss Mr. Hatch's pending motion to suppress evidence. However, a day earlier, the Ninth Circuit issued a published decision in *United States v. Duarte*, in which it found section 922(g)(1) unconstitutional as applied to individuals like Mr. Hatch. During the May 10, 2024, motion hearing, the Court indicated that it would not rule on Mr. Hatch's pending motion to suppress evidence. Instead, the Court invited the parties to file renewed pleadings in light of

the Ninth Circuit's decision in *Duarte*. The Court set a July 12, 2024, hearing to rule on Mr. Hatch's anticipated renewed motion to dismiss. On June 3, 2024, Mr. Hatch filed a renewed motion to dismiss. [Hatch One ECF 79]. On July 11, 2024, Mr. Hatch filed additional authority supporting his request for dismissal. [Hatch One ECF 81]. The government failed to oppose Mr. Hatch's renewed motion to dismiss, failed to seek a stay of the proceedings, and did not request that the Court hold Mr. Hatch's pending motion to dismiss in abeyance. Accordingly, on July 12, 2024, the Court granted Mr. Hatch's unopposed renewed motion to dismiss. [Hatch One ECF 82]. The government failed to seek reconsideration of the Court's dismissal order or file a timely appeal of it. From June 2023 until the Court's dismissal of Hatch One, Mr. Hatch was on pre-trial supervision, with mandatory drug testing conditions, throughout which he incurred no positive drug tests. On July 22, 2024, the government filed a motion to vacate the Court's Order returning Mr. Hatch's passport [Hatch One ECF 88] and reindicted Mr. Hatch in duplicate proceedings in *United States v. Hatch*, 24-CR-1508-CAB ("Hatch Two"), alleging a violation of Title 18, United States Code, Section 922(g)(1): being a felon in possession of a firearm; *and* a violation of Title 18, United States Code, Section 922(g)(3): being an unlawful user of a controlled substance in possession of a firearm.

## II. Due process of law prohibits the government from penalizing a defendant for the exercise of a protected Constitutional or statutory right

"The Supreme Court has held that the Due Process Clause prohibits the prosecution of more serious charges or the imposition of a harsher sentence against a defendant merely because the defendant has exercised his right to appeal from a conviction." *United States v Garza-Juarez*, 992 F.3d 896, 905 (9th Cir. 1993), citing *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 723-24 (1969). That Due Process principle has been expanded to prevent the prosecution from filing more serious charges in response to a defendant's assertion of a constitutional or procedural right. *United States v. DeMarco*, 550 F.2d 1224, 1226 (9th Cir. 1977); *United States v. Groves*, 571 F.2d 450, 453 (9th Cir. 1978).

A vindictive prosecution motion seeks to dismiss an indictment on the grounds that the prosecution appears to be pursuing a criminal charge out of "the desire to punish a person for exercising his rights." *United States v Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006). Further, a defendant is entitled to a presumption of vindictiveness if the defendant can show that criminal charges were filed because the defendant exercised a statutory, procedural or Constitutional right in circumstances that give rise to an

4

appearance of vindictiveness. *United States v Jenkins*, 504 F.3d 694 at 699.

"[A] superseding indictment supports a presumption of vindictiveness when the additional charges are based on the same conduct that was the subject of the first indictment, when the same sovereign was involved, and, most importantly, when the decision to file increased charges directly followed the assertion of a procedural right." *United States v Garza-Juarez*, supra 992 F.3d at 907, *citing Adamson v. Ricketts*, 865 F.2d 1011, 1018 (9th Cir. 1988).

The defendant need not show that the prosecutor acted in bad faith or maliciously sought the indictment. Rather, if the defendant can demonstrate a reasonable likelihood that the government would not have brought the charges had the defendant not exercised the right, the appearance of vindictiveness is present. *See United States v Gallegos–Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982). Moreover, in *Blackledge v. Perry*, *supra*, 417 U.S. at 28-29, the Supreme Court held that the Due Process Clause prohibited the bringing of a more serious charge against the defendant in response to his assertion of his statutory right to a trial de novo, and that Due Process dictates that a defendant may not be deterred from exercising his constitutional right to attack his conviction by the

possibility of prosecutorial retaliation.  *See Blackledge v. Perry*, supra, 417 U.S. at 28.

Dismissal of the indictment is the remedy for vindictive prosecution.  In *United States v. DeMarco*, 550 F.2d 1224, 1226 (9th Cir. 1977) the Court dismissed an indictment when the government there, as the government has done here, brought additional charges after the defendant successfully exercised a constitutional right.  In *DeMarco*, the defendant successfully obtained a severance and a change of venue.  In *United States v. Groves*, 571 F.2d 450, 453 (9th Cir. 1978) the Court dismissed an indictment on marijuana charges when the government did nothing for nine months after defendant's arrest, and then sought the marijuana indictment after defendant moved to dismiss, on speedy trial grounds, an earlier indictment on a related cocaine charge.

In the present case, Mr. Hatch was charged with an additional felony after he successfully exercised his right to a renewed motion to dismiss, to which the government failed to respond.  Hatch Two involves identical facts and the same questions of law that were involved in Hatch One, the government knew of all relevant facts upon filing Hatch One, and furthermore, Mr. Hatch has tested negative for drugs in the intervening time between the filing of Hatch One and its dismissal on July 12, 2024.  Under these circumstances, the Court must

dismiss the present indictment and/or the Section 922(g)(3) charge because of the government's vindictive prosecution.

III. Conclusion

For the foregoing reasons, Count Two should be dismissed.

Respectfully Submitted,

Dated: August 16, 2024

                                        *//s// Meghan Blanco*
                                        MEGHAN BLANCO
                                        Attorney for TORENCE HATCH