PROB 12C
(06/17)

June 23, 2026
pacts id: 8502161

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Torence Ivy Hatch (English)          **Dkt. No.:** 24CR01508-001-CAB

**Reg. No.:** 09232-506

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition, a Class C felony.

**Date of Sentence:** January 9, 2026

**Sentence:** Time served (10 days); followed by three years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** January 9, 2026

**Asst. U.S. Atty.:** Alicia Phillip Williams          **Defense Counsel:**          Meghan Annette Blanco
                                                        (Retained)
                                                        949-296-9869

**Prior Violation History:** Yes.  See prior court correspondence.

**Absconded From Supervision**: No.

---

### PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT**

PROB12(C)

Name of Offender: Torence Ivy Hatch                                                June 23, 2026

Docket No.: 24CR01508-001-CAB                                                              Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 1. On May 24, 2026, Mr. Hatch committed a new law violation, Aggravated Assault with a Deadly Weapon, a felony, in violation of Texas Penal Code § 22.02, as evidenced by the Houston Police Department Report 667447-26. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed the violation report prepared by the U.S. Probation Office in the Northern District of Georgia, Houston Police Report No. 667447-26, and the criminal complaint filed in Harris County, Texas which verifies the following, in summary: According to the warrant affidavit, on May 24, 2026, an officer with the Houston, Texas Police Department, was notified of an incident which occurred at 1720 Main Street, Houston, Texas 77002 (Dome Nightclub).

According to the police report, the victim advised that at approximately 2:00 a.m., he (the victim) was employed as a security guard at the nightclub. He assisted with clearing patrons from the club at closing time. While the victim was escorting patrons, a female approached him and requested to use the restroom. The victim advised the restrooms were closed for the night. The female became upset and intentionally struck the victim in the face with her elbow. The victim then escorted the female towards the exit. She dropped her cellular phone and keys onto the floor. The victim bent down to pick up the female's belongings and he suddenly felt an object strike the top of his head which caused immediate pain and injury. The victim turned around and he observed blood running down his face and he observed Mr. Hatch holding a broken glass hookah base in his hand. The victim believed Mr. Hatch struck him with the hookah base which caused the injury to his head. As a result of the injury, the victim was transported to St. Joseph Hospital for medical treatment; he received eight staples to his head. The victim stated he experienced pain from the injury and wished to pursue charges against Mr. Hatch.

Another individual, employed as a security guard at this location, reported witnessing the assault. In his statements to officers, he reported that he assisted the victim with escorting the female out of the club. He reported that after the female dropped her belongings on the ground, the victim bent down to retrieve the belongings, and he heard glass shattering. After immediately hearing the glass break, he observed blood dispersing onto the floor and the surrounding area along with fragments of glass from the hookah base. When he turned towards the disturbance, he observed Mr. Hatch holding a broken glass hookah base in his hand while yelling at the victim. The victim and the additional security guard both identified Mr. Hatch by his stage name, "Boosie Bad Azz" by pointing at his picture on the big screen inside the club. The victim and witness stated Mr. Hatch was the host for the club.

When Officers arrived at the nightclub, Mr. Hatch fled the scene and was unable to be located. A warrant was filed and according to the Assistant District Attorney with Harris County, Texas, a Criminal Complaint Cause No. 1965658 was filed outlining charges for aggravated assault. On June 1, 2026, Mr. Hatch appeared with counsel in Harris County, and a judge set a $85,0000 bond with conditions. Mr. Hatch's next court appearance is set for September 15, 2026.

PROB12(C)

Name of Offender: Torence Ivy Hatch

June 23, 2026

Docket No.: 24CR01508-001-CAB

Page 3

**(Standard Condition)**
The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

2. On or about May 24, 2026, Mr. Hatch knowingly left the federal judicial district and traveled to the Southern District of Texas without prior approval of the court or the probation officer, as evidenced by the Houston Police Department Report No. 667447-26.

***Grounds for Revocation:*** As to allegation 2, I have received and reviewed the violation letter prepared by the U.S. Probation Office in the Northern District of Georgia, the Houston Police Report No. 667447-26, and the Criminal Complaint filed in Harris County, Texas which verify that on May 24, 2026, Mr. Hatch was found in the Sothern District of Texas as evidenced by his presence at Dome Nightclub, 1720 Main Street, Houston, Texas, 77002. According to open-source information, Mr. Hatch (Boosie Bad Azz) was scheduled as a headliner at Dome Nightclub May 23 and 24, 2026, from 10pm-2am. Mr. Hatch did not request approval from his assigned probation officer nor the court for out of district travel to the Southern District of Texas.

On January 15, 2026, the assigned probation officer reviewed the conditions of release with Mr. Hatch, to include the mandatory, standard, and special conditions. Mr. Hatch was given specific instruction related to each of the conditions, specifically, that he must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or probation officer. He acknowledged receipt of the instructions as evidenced by his signature.

**(Mandatory Condition)**
The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

3. On or about January 29, 2026, Mr. Hatch used a controlled substance, marijuana, as evidenced by the urine sample submitted at the U.S. Probation Office on January 29, 2026, which confirmed positive for marijuana metabolite, Delta-9-Tetrahydrocannabinol-9-Carboxlic Acid.

***Grounds for Revocation:*** As to allegation 3, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verify the urine specimen provided by the offender on January 29, 2026, confirmed positive for marijuana metabolite, Delta-9-Tetrahydrocannabinol-9-Carboxlic Acid.

PROB12(C)

| | |
|---|---|
| Name of Offender: Torence Ivy Hatch | June 23, 2026 |
| Docket No.: 24CR01508-001-CAB | Page 4 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On January 9, 2026, the court imposed a time served sentence (10 days' custody) and a three-year term of supervised release. On or about January 26, 2026, the Northern District of Georgia accepted supervision based on Mr. Hatch's significant and relevant personal and professional ties within their district.

Mr. Hatch's supervision has been met with some progression and numerous setbacks. On January 15, 2026, Mr. Hatch submitted to urinalysis testing at the U.S. Probation Office and the test results returned positive for cannabinoids. When confronted with the test results, he admitted that he used marijuana prior to the start of his supervision term. On January 29, 2026, he submitted testing ang the test results confirmed positive for marijuana metabolite, Delta-9-Tetrahydrocannabinol-9-Carboxlic Acid. However, when confronted with the test results, he declined making a written or verbal statement at the direction of counsel.

At the time of sentencing the court imposed a *special* condition with the order that Mr. Hatch complete 300 hours of community service. Approximately six months into the term of supervision, the client has made no measurable progress toward satisfying the outstanding 300-hour community service obligation.

Mr. Hatch appears before the Court on serious allegation involving a violent offense of aggravated assault with a deadly weapon. As such, his overall adjustment to supervision is considered poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hatch is 43 years of age. He has resided in Palmetto, Georgia with his girlfriend and children. Mr. Hatch has fathered nine children and financially supports most of his children. He owns and operates his own recording business, which has provided him a lucrative lifestyle. He has been a performer and artist from a young age and continues to earn a living preforming throughout the United States.

The defendant has an extensive criminal record dating back to his formative teenage years. He has prior convictions for violent and non-violent offenses to include: assault; resisting arrest; possession of marijuana; battery of a teacher; simple battery; simple assault; possession of a firearm; possession of marijuana; intent to distribute a controlled substance, codeine; possession with intent to a controlled substance, marijuana; possession to distribute with intent to produce, ecstasy; conspiracy to take contraband to and/or from an institution; disorderly conduct; and possession of tetrahydrocannabinol. At the time of sentencing, he was placed in Criminal History Category V.

Mr. Hatch has a history of polysubstance abuse dating back to the age of thirteen and includes the use of marijuana, ecstasy, and codeine.

At the time of sentencing, Mr. Hatch denied current symptoms or diagnosis for mental or emotional health related issues, nor the need for medication management to address current emotional health related symptoms. He reported a history of anger and impulsivity; emotions related to situational depression or low mood; and attention deficit disorder.

PROB12(C)
Name of Offender: Torence Ivy Hatch                                                          June 23, 2026
Docket No.: 24CR01508-001-CAB                                                                        Page 5

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7C1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervised release, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves Aggravated Assault (Deadly Weapon)  which constitutes a Grade B violation.  USSG §7C1.1(a)(2), p.s. Upon a finding of a Grade B violation, it is often appropriate for the court to revoke supervised release. The court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade B violation with Criminal History Category V (determined at the time of sentencing) establishes an imprisonment range of 18 to 24 months.  USSG § 7C1.5, p.s.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

Finally, any term of imprisonment imposed upon revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving.  USSG §7C1.4(b), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 36 month(s) supervised release, less any term of imprisonment imposed upon revocation.  18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Hatch has shown an unwillingness to comply with the basic conditions of supervision. His recent conduct is violent in nature and has allegedly resulted in physical injury to another individual.  Given the seriousness of the conduct, coupled with Mr. Hatch's criminal record, history of weapon possession, violence, and illegal substance use, he poses an immediate risk to himself and the community. Therefore, the issuance of a warrant is respectfully recommended to bring him before the Court to face the allegations noted herein.

PROB12(C)

| | |
|---|---|
| Name of Offender: Torence Ivy Hatch | June 23, 2026 |
| Docket No.: 24CR01508-001-CAB | Page 6 |

## RECOMMENDATION/JUSTIFICATION

The present matter represents Mr. Hatch's first violation proceedings in this case. At the time of sentencing, Mr. Hatch had entered a plea of *guilty* in violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition. The guideline range at the time of sentencing was 24 to 30 months months' custody. Despite the significant guideline exposure, the Court exercised considerable leniency at sentencing, imposing a time served sentence (10 days custody), followed by a three-year term of supervised release.

Unfortunately, the defendant has failed to capitalize on the opportunity afforded by the Court. Within weeks of starting supervision, he exhibited a pattern of non-compliance, and he has failed to adhere to the most basic monitoring restrictions.  His conduct demonstrates a disregard for the Court's authority and unwillingness to comply with the expectations established to facilitate a successful transition to the community. Additionally, his history reflects longstanding involvement in a criminal lifestyle beginning at a young age. This lifestyle has continued to expose him to high-risk situations and criminogenic influences, including violence, weapons possession, antisocial peer associations, and illegal substance use.

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the noncompliance, and the supervisee's individual risks and needs, which include: criminal history involving violence, substance abuse issues, history of noncompliance to including traveling out of district without permission, weapons possession, and lack of prosocial support. The conduct alleged under Texas Penal Code § 22.02, which is analogous to California State Penal Code § 245, based on applicable statutory definition and relevant caselaw does not constitute a crime of violence. A Grade B violation with Criminal History Category V (determined at the time of sentencing) establishes an imprisonment range of 18 to 24 months.

After a careful and individualized assessment of the case, the undersigned respectfully recommends an 18-month term of imprisonment, the low-end of the guideline range, consecutive to any custodial sanction imposed by Harris County Texas Criminal Cause No. 1965658, followed by 18 months of supervised release. The undersigned also recommends the imposition of all standard and special conditions imposed, as they will allow the probation officer to effectively monitor the supervisee in the community and keep abreast of his activities, except for the condition that orders Mr. Hatch to complete 300 hours of community service in a program approved by the probation officer. Mr. Hatch has shown he has no intention of completing community services hours.

**Further, the undersigned recommends the Court impose the following _special_ condition:**

_Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition._

This condition is needed to mitigate risk to the community and facilitate the supervisee's transition into the community, support his rehabilitation, and promote public safety.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  June 23, 2026**

Respectfully submitted:                              Reviewed and approved:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER


by    _Michelle Pearson_
      Michelle Pearson                              Kasey M. McCoskery
      Sr. U.S. Probation Officer                    Supervisory U.S. Probation Officer
      (619) 446-3827


                                                        bmc

PROB12CW                                                                                                June 23, 2026

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Hatch, Torence Ivy

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 24CR01508-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1)**:**

| Violation(s) | Grade |
|---|---|
| Not commit another federal, state, or local crime- Aggravated Assault (Deadly Weapon) | B |
| Traveled outside of the Judicial District w/o permission of the court or probation officer | C |
| Use of a controlled substnace | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b))     [     B     ]

5. **Criminal History Category** (*See* USSG § 7C1.5)     [     V     ]

6. **Range of Imprisonment** (*See* USSG § 7C1.5)     [  18 to 24 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

Restitution ($)  _____     Community Confinement  _____

Fine ($)  _____     Home Detention  _____

Other  _____     Intermittent Confinement  _____

PROB12(C)

Name of Offender: Torence Ivy Hatch

June 23, 2026

Docket No.: 24CR01508-001-CAB

Page 9

## THE COURT ORDERS:

_____ AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

__x__ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON ___July10, 2026___, AT __10:00 a.m,__ TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____


_____          6/23/2026
The Honorable Cathy Ann Bencivengo          _____
U.S. District Judge                         Date